```
 1  ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
 2
    THOMAS A. COLTHURST (CABN 99493)
 3  Chief, Criminal Division

 4  CYNTHIA FREY (DCBN 475889)
    ABRAHAM FINE (CABN 292647)
 5  Assistant United States Attorneys

 6      450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
 7      Telephone: (415) 436-7077
        Cynthia.rey@usdoj.gov
 8      Abraham.fine@usdoj.gov

 9  Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH HUFFAKER,<br><br>Defendant. | ) CASE NO. 3:21-CR-00374-MMC<br>)<br>) **UNITED STATES' PRETRIAL CONFERENCE**<br>) **STATEMENT**<br>)<br>) The Honorable Maxine M. Chesney<br>) Pretrial Conf: September 26, at 10:00 am<br>) Courtroom 7, 19th Floor<br>)<br>) |
|---|---|

The United States, by and through their undersigned counsel, hereby submit their pretrial conference statement pursuant to the Northern District of California Local Criminal Rule 17-1(b). The Defendant, Joseph Huffaker is charged in the Superseding Indictment with: Count One - Conspiracy to Commit Extortion under Color of Official Right, in violation of 18 U.S.C. § 1951; Counts Two and Three – Extortion under Color of Official Right, in violation of 18 U.S.C. § 1951; Count Four – Conspiracy to Falsify Records in a Federal Investigation, in violation of 18 U.S.C. § 371; Count Five – Falsifying Records in a Federal Investigation, in violation of 18 U.S.C. § 1519; Count Six – Conspiracy to Impersonate a Federal Officer, in violation of 18 U.S.C. § 371; and Count Seven – Impersonating a

Federal Officer, in violation of 18 U.S.C. § 912.  The parties are set to appear on September 26, 2023, at 10:00 a.m. for the Pretrial Conference.  Jury Selection is scheduled for October 24, 2023 and trial is scheduled to begin on October 30, 2023.

## CRIMINAL LOCAL RULE 17.1-1(B) STATEMENTS

**(1)   Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

The United States has disclosed and produced to the Defendant statements and reports of witnesses it intends to call at trial.  The United States has complied with the Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963).

In preparing for trial, the United States is continuing to interview witnesses and to obtain and review evidence.  The United States recognizes and will comply with its ongoing obligation to provide the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

**(2)   Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

The United States expects to call at least one witness, and perhaps two that have testified before the grand jury.  They are both FBI case agents for this matter.  The United States moved for an order to release those transcripts to satisfy its obligations under Jencks Act, 18 U.S.C. § 3500.  The Court so ordered on September 12, 2023 with specific limitations on its handling by the defense.  The United States has produced those to the defense.  The United States does not expect to use that testimony in its case-in-chief.

**(3)   Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

The United States has complied with the Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963).

In preparing for trial, the government is continuing to interview witnesses and to obtain and

review evidence. The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The United States continues to review the materials in its possession for exculpatory or impeachment information.

**(4) Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

The parties are in the process of discussing various stipulations that will help streamline the presentation of evidence. In the event the parties reach agreement, the stipulations will be reduced to writing, signed by the parties, filed with the Court, and published to the jury at the appropriate time during the course of the trial.

**(5) Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

The United States does not anticipate the need for the appointment of a Court interpreter in this case.

**(6) Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations**

The United States anticipates proceeding to trial on all counts in the Superseding Indictment against the Defendant. Other than potential evidentiary or factual stipulations, the parties are not aware of any issues that can be eliminated prior to trial. The defense has indicated that it may be asserting an alibi defense, but the United States does not anticipate any issues regarding insanity, or statute of limitations. Resolution of the parties' motions *in limine* may further narrow certain issues from the case.

**(7) Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

The co-defendant, Brendan Jacy Tatum, plead guilty to the charges in the Indictment, dated September 21, 2023, including the same Conspiracy to Commit Extortion under Color of Official Right, in violation of 18 U.S.C. § 1951 and Falsifying Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. Tatum also plead guilty to Tax Evasion, in violation of 26 U.S.C. § 7201. The Defendant is the only person charged in this Superseding Indictment and thus, there is no need for a severance of trial.

U.S.' PRETRIAL CONFERENCE STATEMENT
3:21-CR-00374 MMC                                          3

**(8)  Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The United States will present the testimony of Tatum, who is cooperating in this case. In addition, the United States will present the testimony of at least two witnesses who have identified the Defendant in relation to the extortions alleged in the Superseding Indictment. Currently, the United States does not anticipate presenting evidence of prior convictions of the defendant or other witnesses that are expected to testify.

**(9)  Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal**

The United States is concurrently filing its Witness List. The United States respectfully reserves its right to amend that list at any time prior to and during the trial, if necessary.

**(10)  Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

The government is concurrently providing its list of exhibits it intends to use in its case-in-chief. The government reserves its right to designate additional exhibits for impeachment, rebuttal, or otherwise, based on how the evidence is presented in the case. No later than September 19, 2023, the government will provide the Court with a set of binders containing copies of the exhibits it may introduce at trial and will provide those exhibits to the defense electronically.

**(11)  Pretrial resolution of objections to exhibits or testimony to be offered at trial**

The government filed several motions *in limine* relating to various objections to evidence or testimony expected to be offered at the trial which are pending in front of this Court. To the extent there is an opportunity to resolve additional issues prior to trial, the government will seek to raise those issues promptly and at an appropriate time.

The parties also anticipate working together to resolve further objections to exhibits and testimony before bringing any matters to the attention of the Court.

**(12)  Preparation of trial briefs on controverted points of law likely to arise at trial**

The government filed motions *in limine* on September 5, 2023. By the time of the Pretrial Conference, those motions will be fully briefed and ready for hearing by the Court. To the extent

controverted issues arise during trial, the government reserves the right to present short briefs to aid the Court's resolution of such issues. If any further issues arise at the pretrial conference or before the trial, the government may request an opportunity to submit additional briefing on those issues.

**(13)   Scheduling of the trial and of witnesses**

A reasonable estimate for presentation of the United States' case-in-chief is six court days, not including time dedicated to jury selection and opening statements.

**(14)   Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, *voir dire* questions, exercise of peremptory and cause challenges and jury instructions**

The government is filing, concurrent with this statement, proposed *voir dire* questions, per the order of the Court. The government respectfully requests an opportunity to address prospective jurors directly regarding the *voir dire* questions.

The government does not request additional peremptory challenges beyond the six provided for the government under Federal Rule of Criminal Procedure 24(b)(2).

The parties are filing joint proposed jury instructions today, per the order of the Court. The parties will indicate the agreed instructions and set out any disputed proposed instructions and/or objections per the order of the Court.

The government is prepared to address these submissions and any objections thereto with the Court at the pretrial conference.

**(15)   Any other matter which may tend to promote a fair and expeditious trial**

Should the Court request it, the parties will be prepared to discuss with the Court at the pretrial conference any modifications to trial procedures. The parties anticipate working together to resolve matters in an effort to promote a fair and expeditious trial and will timely bring to the Court's attention those matters upon which the parties disagree.

//

//

//

//

U.S.' PRETRIAL CONFERENCE STATEMENT
3:21-CR-00374 MMC                                     5

In addition, on September 18, 2023, the defense filed a motion to continue the trial. *See* Dkt. No. 168. The government expects to file a response to the defense's motion in advance of the pretrial conference and will be prepared to discuss this issue at the pretrial conference.

DATED: September 19, 2023						Respectfully submitted,

								ISMAIL J. RAMSEY
								United States Attorney

								 /s/
								CYNTHIA FREY
								ABRAHAM FINE
								Assistant United States Attorneys

U.S.' PRETRIAL CONFERENCE STATEMENT
3:21-CR-00374 MMC						6