RICHARD CEBALLOS (SBN 143782)
rceballos@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Ste. 200
Westlake Village, CA. 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorney for Defendant*
*Joseph Huffaker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH HUFFAKER,<br><br>Defendant. | Case No: 3:21-CR-00374-MMC<br><br>**MOTION FOR RECONSIDERATION ON GOVERNMENT'S MOTION IN LIMINE NO. 3** |

Defendant, Joseph Huffaker, hereby files this Motion for Reconsideration to the government's Motion in Limine No. 3:

**INTRODUCTION**

On September 5, 2023, the Government filed a Motion in Limine requesting to introduce evidence regarding December 6, 2016, and December 30, 2016, traffic stops and seizures during which defendant was present and government witness Jaycee Tatum ("Tatum") extorted marijuana. The government further requests to introduce this evidence to show that Defendant had followed policy in the past and possessed knowledge of Rohnert Park Department of Public Safety ("RPDPS") policies. Defendant respectfully requests the government's motion in limine to introduce this evidence be denied because it is irrelevant and prejudicial.

The admission of this evidence risks confusing the jury with irrelevant and prejudicial

information of crimes defendant never committed. As the government admits, defendant was not charged nor did the government provide evidence of suspected criminal culpability by defendant in relation to those stops. Although Tatum committed crimes during these 2016 traffic stops, the government presented no evidence or information that defendant assisted Tatum in a criminally conspiratorial manner during these traffic stops.

Establishing defendant's state of mind from the 2016 traffic stops is also irrelevant because the government has not shown that Defendant knew or assisted Tatum during the 2016 stops. The government attempts to introduce this evidence to show Defendant possessed knowledge of RPDPS's policy and procedure. However, the government can assert their position in a less prejudicial manner. Government's request is no more than a "backdoor" approach to slip in non-probative material to cast Defendant in a negative light and merely show other incidences where defendant was present when Tatum committed a crime.

## ARGUMENT
### A. 2016 Traffic Stops Are Irrelevant And Not Inextricably Intertwined.

The government concedes the 2016 traffic stops do not involve criminal misconduct on the part of defendant. In fact, the defendant was only present during these traffic stops when Tatum extorted drivers. The government offers no evidence of any criminal culpability or even suspicion on the part of the defendant during these traffic stops, as reflected in their motion.

The government seeks to use these traffic stops to facilitate the government's "story" of this conspiratorial scheme masterminded by Tatum. However, government is more than capable of eliciting this story of how and why Tatum concocted his illegal scheme via Tatum's testimony. Tatum can testify to the creation of his extortion scheme to satisfy the government's storytelling without introducing two 2016 traffic stops the defendant was neither criminally charged for nor even suspected of committing a crime.

In support of the government's inextricably intertwined argument regarding the 2016 traffic stops, the government cites to *United States v. DeGeorge*. The facts in *DeGeorge* are

distinguishable to the case at bar. In *DeGeorge,* the defendant conducted a series of sham transactions to hide his ownership of a destroyed boat to collect insurance proceeds. *United States v. DeGeorge,* 380 F.3d 1203, 1220 (2004). The court found evidence of said defendant's history of losing boats was inextricably intertwined to support the defendant's motive to defraud because he was no longer able to obtain insurance under his personal name and needed to obtain insurance under his business. *ID.* By introducing evidence of that defendant's prior loss record, the government was able to explain why the defendant was unable to obtain insurance personally. *ID.* In essence, admission was granted to eliminate confusion to the jury.

The mere fact defendant was coincidentally present for the 2016 traffic stops is not sufficient for the evidence to be exempt from the requirements of Rule 404(b). *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995). Government must show a sufficient "contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *ID.* Government needs to show that by not introducing the other act evidence that the government would experience some difficulty in presenting the evidence relevant to its case against the defendant. *ID.*

Here, there is no probative value that the defendant's presence at these stops facilitated Tatum's criminal scheme. Furthermore, the government presented no evidence that two traffic stops are necessary to explain this conspiracy to a jury. Unlike in *DeGeorge*, the government here presented no argument or evidence that a jury would be confused in understanding the defendant's charged conduct absent introducing two 2016 traffic stops where the defendant was neither charged nor even suspected of criminal wrongdoing. As evident in *Vizcarra-Martinez,* the government failed to show that the presentation of their case would be hindered absent introduction of the other act evidence they sought to introduce.

The government is sufficiently capable of detailing Tatum's criminal scheme without introducing two 2016 traffic stops, which were nearly a year removed from defendant's charged

MOTION FOR RECONSIDERATION TO GOVERNMENT'S MOTION IN LIMINE NO. 3
Case No. 3:21-CR-00374-MMC

2017 traffic stops. The government has not shown how these 2016 traffic stops are necessary to tell a complete "story" of Tatum's criminal scheme and the nexus to the defendant. In fact, the government has presented no argument that absent these 2016 traffic stops, a jury would be confused in understanding the totality of Tatum's criminal scheme.

In addition, the 2016 traffic stops are evidence of another person's crime, not of the defendant. The 2016 traffic stops are unquestionably evidence of Tatum's criminal misconduct, and the government is attempting to intertwine someone else's criminal misconduct with that of another. The government cites *Loftis* as further support for this argument. However, even in *Loftis*, the evidence admitted against that defendant involved other acts committed by that same defendant.

Here, the government presented no evidence or argument that the defendant attached himself to this criminal misconduct other than him being present during the stops. The government has acknowledged defendant engaged in "legitimate" traffic stops during this period. Defendant's mere presence at these stops is not evidence that defendant participated or assisted Tatum in furtherance of his extortion during the 2016 traffic stops.

**B. The 2016 Traffic Stops Are Irrelevant To Establish Defendant's Knowledge of Policy and Procedure.**

The government seeks to introduce this evidence to prove the defendant had knowledge of department policy and that the defendant's alleged actions in 2017 were knowingly proscribed conduct. However, the government's "story" can easily be shown in other less prejudicial ways. First, the government can introduce records of the RPDPS policies that were allegedly violated during defendant's criminally charged 2017 traffic stops. Government can also supplement these policies with the testimony of RPDPS supervisors or command staff, who can speak to these policies and how the 2017 traffic stops were not in accordance with those policies. Second, the government can easily show defendant's knowledge of these policies via defendant's training

records, courses, certifications, policy acceptances, employee annual reviews, and other personnel records encompassing sufficient knowledge of these policies prior to the 2017 traffic stops.

Lastly, why must the government solely rely on two traffic stops where Tatum committed crimes to show the defendant's knowledge of policies? The government's desire to introduce this evidence begs a second question: why does the government not introduce evidence of 2016 traffic stops where defendant was present and there was no criminal misconduct by anyone? The government already admitted Tatum and defendant conducted legitimate traffic stops during 2016. It should be noted the government does not seek to introduce these 2016 traffic stops where apparently policy was followed and there was no criminal misconduct committed by either Tatum or defendant. Here, the government seeks to only introduce evidence of traffic stops where the defendant operated within department policy but while also casting a negative light on the defendant with Tatum's criminal acts. This is a blatant attempt to cast defendant in a prejudicial light, akin to a "guilt by association."

Accordingly, the defendant submits this motion for reconsideration and requests denial of government's motion in limine to admit the 2016 traffic stops.

DATED: January 21, 2025                  By: */s/ Richard Ceballos*

                                         Richard Ceballos
                                         *Attorney for Defendant Joseph Huffaker*

MOTION FOR RECONSIDERATION TO GOVERNMENT'S MOTION IN LIMINE NO. 3
Case No. 3:21-CR-00374-MMC