# Exhibit 3

## PROFFER AGREEMENT

This Agreement sets forth the understanding and agreement of JOSEPH HUFFAKER ("Client") and Client's attorney, JOSHUA VISCO, with respect to Client's meeting on February 1, 2022 ("the meeting") with the undersigned representatives of the United States Attorney's Office for the Northern District of California ("the Office") and agents of the Federal Bureau of Investigation:

(1)     Client agrees that Client shall truthfully and completely disclose all information with respect to Client's activities and the activities of others that are the subject of inquiry by the Office at the meeting.

(2)     Except as set forth in paragraphs (3), the Office will not offer in evidence any statements made by Client at the meeting (a) in a grand jury proceeding to indict Client; (b) in its case-in-chief at a trial against Client, or (c) at Client's sentencing.  The Office may use any statements made by Client or any information directly or indirectly derived from statements made by Client at the meeting for any other purpose, including (a) to obtain leads to other evidence that may be used against Client at any stage of a criminal prosecution; or (b) in any prosecution of Client for perjury, false statements, or obstruction of justice; or (c) in a prosecution of Client for murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit any of those offenses.

(3)     Notwithstanding paragraph (2), the Office may use any statements made by Client at the meeting for any purpose (a) if Client testifies at any hearing or trial; or (b) to rebut any evidence offered, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to a detention hearing, trial, or sentencing).

(4)     Except as provided in paragraph (6), Client and Client's attorney understand that this Agreement is limited to statements made by Client at the meeting and does not apply to any oral, written, or recorded statements made by Client at any other time or to any other information provided at the meeting.  The parties further agree that statements made by Client and the Office at this meeting do not constitute "plea discussions" or any "related statement" within the meaning of Federal Rule of Criminal Procedure 11(f) or statements "made in the course of plea discussions" within the meaning of Federal Rule of Evidence 410.

(5)     Client understands that this Agreement is not binding on any other United States Attorney's office or on any other federal, state, tribal, or local office or agency.  Client further understands that no understandings, promises, or agreements have been entered into other than those set forth in this Agreement, and nothing said at the meeting will constitute a promise or agreement unless Client, Client's attorney, and the Office agree in writing.

(6)     <u>Waiver of *Garrity* Rights</u>:  Client agrees that, to prepare for this proffer, the government will review, and may ask about, any statement Client has previously made about the matter under investigation or about any other incident relevant to the matter under investigation.  Client expressly agrees that this may include the review of statements that were compelled, or arguably compelled, by threat of job loss.  Absent waiver, a statement compelled by threat of job

loss would be deemed privileged under *Garrity v. New Jersey,* 385 U.S. 493 (1967) and could not be used by the government against Client in a criminal proceeding. Review of these statements will assist the government in evaluating the truthfulness and completeness of the information provided during the proffer.

       To the extent that any statement Client previously made was compelled by threat of job loss, Client hereby knowingly, intelligently, and voluntarily waives any privilege that would otherwise attach to these statements. Client agrees that, should any trial occur, these statements may be used against him during any criminal trial or during any hearing, including a sentencing hearing, held in connection with such a criminal trial.

STEPHANIE M. HINDS
United States Attorney

*Cynthia Frey*                       February 22, 2022
CYNTHIA FREY                       Date
Assistant United States Attorney

I, JOSEPH HUFFAKER, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____        2/21/22
JOSEPH HUFFAKER           Date

I am JOSEPH HUFFAKER's attorney. I have carefully reviewed every part of this agreement with him. To my knowledge, my client's decision to enter into this agreement is informed and voluntary.

_____        2/21/22
JOSHUA VISCO            Date
Attorney for JOSEPH HUFFAKER

| Dates of Continuation | Initials of counsel, | Client, | AUSA |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |