RICHARD CEBALLOS (SBN 143782)
rceballos@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Ste. 200
Westlake Village, CA. 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorney for Defendant*
*Joseph Huffaker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH HUFFAKER,

Defendant.

Case No: 3:21-CR-00374-MMC

**DEFENSE MOTION IN LIMINE NO. 1: MOTION TO PRECLUDE WITNESS WILLIAM TIMMINS' TESTIMONY REGARDING DECEMBER 4, 2017, ENCOUNTER WITH DEFENDANT HUFFAKER AS BOTH IRRELEANT AND CANNOT BE ELICITED ABSENT A GRANT OF IMMUNITY.**

**PTC: June 24, 2025**
**JT: July 27, 2025**

Defendant, Joseph Huffaker, hereby files this Motion in Limine to preclude any reference to the expected testimony of witness William Timmins regarding an encounter he had with Defendant Huffaker on or about December 4, 2017 on the grounds that it is both legally and factually irrelevant. Defendant further asserts that because witness Timmins will incriminate himself in the crimes defendant Brendon Tatum has already plead guilty to, but also to the offenses that Defendant Huffaker is being charged with. In addition, witness Timmins will incriminate himself in the crime of Making a False Statement to a Federal Investigator in violation of 18 U.S.C. section 1001, in that his statement to federal investigators on October 5, 2023 is substantially different from his most recent statement to federal investigators on May 16, 2025.

## INTRODUCTION

Mr. Timmins has been interviewed by the FBI on at least four occasions starting in 2023 and culminating in his latest interview on May 16, 2025. In his interview on October 5, 2023, he denied having any knowledge or involvement in any of the crimes that Tatum had been accused of. Furthermore, he told agents that he had minimal to little contact with Mr. Huffaker other than perhaps seeing him at work or at a social event or barbecue. Given his statement, Mr. Timmins was not in possession of any inculpatory evidence against Mr. Huffaker.

However, this all changed when Mr. Timmins was interviewed once again on May 16, 2025. Not only did Mr. Timmins change his previous statement and now admit to being a major participant and co-conspirator with Brendon Tatum, in the extortion and sales of marijuana, but he also suddenly recalled a specific instance on December 4, 2017 involving an exchange of marijuana between Tatum and Timmins. He now recalled that Mr. Huffaker was present at this exchange and even assisted in the unloading and loading of approximately 100 to 200 pounds of marijuana on the side of the highway just off Commiski Road in the city of Cloverdale, California.

## ARGUMENT

### A. THE DECEMBER 4, 2017 ENCOUNTER IS NEW UNCHARGED CONDUCT THAT IS BOTH FACTULLY AND LEGALLY IRRELEVANT TO THE CHARGED OFFENSES BEGINNING ON DECEMBER 18, 2017.

First, this new December 4, 2017 encounter involving Timmins, Tatum, and Huffaker is an uncharged act or conduct, which predates the criminally charged conduct against defendant Huffaker. This encounter is not only factually irrelevant to the charged offenses but it is inconsistent with the government's position on when defendant Tatum and Huffaker allegedly engaged in criminal acts, beginning on December 18, 2017.

The government has previously sought to introduce uncharged conduct that occurred in 2016 against Mr. Huffaker simply to prejudice the case against him. As delineated in

defendant's previous Motion for Reconsideration to Government's Motion in Limine No. 3, the government attempted to introduce two 2016 traffic stops that the government conceded did not involve criminal misconduct on the part of defendant. Similarly the government's attempt to introduce evidence of uncharged conduct that occurred on December 4, 2017 is but another attempt at presenting information under a "guilt by association" approach that the government has attempted before when it sought to introduce the two 2016 traffic stops against Mr. Huffaker.

Timmins' prospective testimony on this single encounter with defendant is an effort by the government to use prior uncharged acts to facilitate the government's "story" of this conspiratorial scheme masterminded by Tatum. However, the government is more than capable of eliciting this story of how and why Tatum concocted his illegal scheme via Tatum's own testimony. Tatum can testify to the creation of his extortion scheme to satisfy the government's storytelling without having Timmins discuss this December 4, 2017 encounter with defendant Huffaker which he was never criminally charged with committing.

The mere fact defendant Huffaker was possibly present for this December 4, 2017 encounter with Timmins is not sufficient for the evidence to be exempt from the requirements of Rule 404(b). *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995). Government must show a sufficient "contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *ID.* Government needs to show that by not introducing the other act evidence that the government would experience some difficulty in presenting the evidence relevant to its case against the defendant. *ID.*

Here, there is no probative value that the defendant's presence at the encounter with Timmins on December 4th in any way facilitated the alleged criminal conspiracy, which according to the government did not begin until December 18, 2017. As previously discussed in

defendant's response to the government's attempt at introducing two irrelevant traffic stops from 2016 (see Govt's Motion in Limine No. 3), the government is sufficiently capable of detailing the criminal conduct without introducing this December 4, 2017 encounter that is uncharged and predates the government's timeline of the defendant's alleged criminal misconduct.

In addition, the December 4, 2017 encounter, as described by Timmins, is unmistakable evidence of another person's crime, namely Timmins, and not of the defendant. Like the 2016 traffic stops the government attempted to introduce, this December 4, 2017 encounter is unquestionably evidence of Timmins and Tatum's criminal misconduct, and the government is attempting to once again intertwine someone else's criminal misconduct with that of another. Interestingly, it is also evidence and blatant self-admission of Timmins' criminal culpability; yet there is no record of Timmins ever being charged by the government. There is also no evidence in Timmins' statements that the defendant attached himself to any criminal misconduct during this December 4, 2017 encounter. Huffaker's mere presence is not evidence that he participated in or assisted Tatum and Timmins in furtherance of their criminal scheme; thus, referencing the December 4, 2017 encounter is irrelevant.

**B. BECAUSE MR. TIMMINS INCRIMINATES HIMSELF IN NOT ONLY BEING INVOLVED IN THE CRIMES FOR WHICH DEFENDANT TATUM HAS ALREADY PLED GUILTY TO, BUT HE ALSO IMPLICITY ADMITS THAT HE PROVIDED A FALSE STATEMENT OR STATEMENTS TO FEDERAL INVESTIGATORS WHEN HE WAS PREVIOUSLY INTERVIEWED ON OCTOBER 5, 2023, HE CANNOT BE PERMITTED TO TESTIFY ABSENT A GRANT OF IMMUNITY BY THE GOVERNMENT.**

In his interview with federal investigators on October 5, 2023, Mr. Timmons did not admit to having participated in any of the crimes that Tatum was involved in, specifically the

stealing and selling of marijuana that Tatum confiscated during drug interdiction stops. Mr. Timmins also told federal investigators that his interaction with Mr. Huffaker was minimal at best. He recalls that he might have seen Huffaker at the fire station and perhaps at a fishing trip, but other than that he never saw Huffaker work interdiction with Tatum. Timmins added that he was not sure how Huffaker was involved in interdiction.

Timmins further told federal investigators that he was NOT aware of Tatum's interdiction scheme while it was happening.

When federal investigators asked Timmins if he sold marijuana, Mr. Timmis essentially invoked his 6th Amendment Right and advised investigators that he wanted to get guidance from an attorney first prior to answering anymore questions.

Now in his May 16, 2025 interview, Mr. Timmins not only admits that he was part of the scheme with Mr. Tatum to buy and sell the marijuana that Tatum extorted from unsuspecting motorists, but that he split the proceeds with Mr. Taum 50/50. In addition, contrary to his October 5, 2023 statement to federal investigators, he now recalls there was an instance back on December 4, 2017, where he met Tatum and Huffaker at the side of the road in Cloverfield, CA, and where Tatum and Huffaker allegedly unloaded approximately 100-200 pounds of marijuana onto his truck.

Mr. Timmons new statements in 2025 are in stark contrast to the statements he made to federal investigators back in 2023. Accordingly, it would be impermissible to allow Mr. Timmons to testify as to the December 4, 2017 incident only to have him invoke his 5th Amendment Right in the presence of the jury when he is questioned about the two statements he gave to federal investigators.

It is improper to compel a witness to surrender their constitutional privileges absent any assurance or adequate protection. *U.S. v. Balsys,* 524 U.S. 666, fn.8 (a988) (citing *Maness v.*

*Meyers,* 419 U.S. 449, 462-463 (1975)). The government cannot merely assume or hope a court will protect the evidentiary use of compelled testimony via suppression motions in later proceedings against the witness. *ID* (citing, *Pillsbury Co. v. Conbow,* 459 U.S. 248, 261 (1983)). Granting immunity is required prior to compelling testimony. *ID*

**CONCLUSION**

Accordingly, the defendant submits this motion in limine and requests the government be precluded from calling Mr. Timmins as a witness and specifically from referencing the encounter he had with Mr. Huffaker on December 4, 2017 as legally irrelevant. If the Court, however, deems that Mr. Timmons' testimony is relevant, Mr. Timmons should not be permitted to testify absent a grant of immunity by the government.

DATED: June 10, 2025 By: */s/ Richard Ceballos*

Richard Ceballos
*Attorney for Defendant Joseph Huffaker*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **4333 Park Terrace Drive, Suite 200, Westlake Village, California 91361**.

On June 10, 2025 I served the foregoing documents described as **DEFENSE MOTION IN LIMINE NO. 1: MOTION TO PRECLUDE WITNESS WILLIAM TIMMINS' TESTIMONY REGARDING DECEMBER 4, 2017, ENCOUNTER WITH DEFENDANT HUFFAKER AS BOTH IRRELEANT AND CANNOT BE ELICITED ABSENT A GRANT OF IMMUNITY** on all interested parties in this action addressed as follows:

Abraham Harry Fine
United States Attorney's Office
1301 Clay St, Ste 340S,
Oakland, CA 94612-5224
Telephone: (415) 426-7200
Email: abraham.fine@usdoj.gov
Attorneys for Plaintiff, UNITED STATES OF AMERICA

_ **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, CA. in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**X** BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Ferrone Law Group's electronic mail system from asavostyanov@ferronelawgroup.com to the email address(es) above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_ BY FEDERAL EXPRESS/OVERNIGHT MAIL:

**X** STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED: June 10, 2025, at Westlake Village, California.

Alexey Savostyanov

Alexey Savostyanov