RICHARD CEBALLOS (SBN 143782)
rceballos@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Ste. 200
Westlake Village, CA. 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorney for Defendant*
*Joseph Huffaker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH HUFFAKER, <br><br> Defendant. | Case No: 3:21-CR-00374-MMC <br><br> **DEFENSE MOTION IN LIMINE NO. 2: MOTION TO PRECLUDE GOV'T FROM CALLING WITNESS WILLIAM TIMMINS: FAILURE TO TIMELY PROVIDE DISCOVERY IN VIOLATION OF RULE 16 AND COURT ORDER** <br><br> PTC: June 24, 2025 <br><br> JT:   July 7, 2025 |

Defendant, Joseph Huffaker, hereby files this Motion in Limine No. 2 to Preclude the Government from Calling Witness – William Timmins on the grounds that the government has failed to timely provide discovery to the defense:

## INTRODUCTION

The government intends to call William Timmins ("Timmins") in their case-in-chief. The issue herein arises because the government waited until May 27, 2025, approximately one month and 10 days before trial, to disclose to the defense the statement of Williams Timmins inculpating Mr. Huffaker in violation of Rule 16 of the Federal Rules of Criminal Procedure and the Court's Third Amended Order for Criminal Pretrial Preparation, dated March 31, 2025.

Williams Timmins was first contacted by FBI agents on September 22, 2023. However, Mr. Timmins advised the agents he was on his way to an appointment and was unable to speak with them. Agents contacted him again on September 28, 2023 and set up an appointment to meet up with him in person on October 5, 2023.

On October 5, 2023, Mr. Timmins sat down and spoke to investigators. Mr. Timmins denied having participated in any of the crimes that Tatum was accused of by the government. In fact, Mr. Timmins made it clear to investigators that he was not even aware that Tatum was involved in the interdiction scheme while it was happening. In addition, Mr. Timmins stated that his dealings with Defendant Huffaker was minimal at best. He told investigators that he may have seen Mr. Huffaker at the fire station on a couple of occasions and perhaps even on a fishing trip. But beyond that he had almost no interaction with Mr. Huffaker. Timmins added he never saw Mr. Huffaker work interdiction with Tatum and that he is "not sure how Huffaker was involved in interdiction." When the agent finally asked Mr. Williams if he personally sold marijuana, Mr. Timmins expressed hesitance and then expressly invoked his right to speak to an attorney. The interview was terminated at that point.

On April 1, 2025, the government provided defense counsel via email with an abbreviated list of witnesses it intended to call at Mr. Huffaker's trial set for July 7, 2025. Mr. Timmins' name was on this list. At the time of the government's disclosure, the defense did not understand why Mr. Timmins was being included on their list, because according to the October 5, 2023 report, Timmins did not provide any real inculpatory evidence against Mr. Huffaker implicating him in any criminal conduct.

But for some reason a year and a half after his last interview, the government decided to interview Mr. Timmins once again on May 16, 2025. This time Agent Haunold is joined by AUSA Abraham Fine and AUSA Benjamin Klein. Also present is Mr. Timmins counsel, Traci Carrillo. The interview was conducted pursuant to a standard proffer agreement. The interview

was apparently not recorded.

In this new interview, which was not provided to Mr. Huffaker's counsel until May 27, 2025, Mr. Timmins finally admits that he sold the marijuana that Tatum stole from drivers during these interdiction stops. Mr. Timmins said Mr. Tatum had specifically told him he came to be in possession of the marijuana by seizing it during drug interdiction stops. In addition and more importantly, despite his previous statement where he said he had minimal to little contact with Mr. Huffaker, he suddenly now recalls there was one specific occasion on December 4, 2017, where he met Tatum and Huffaker on the side of the highway in Cloverdale and where they both helped him unload and load a large amount of cannabis.

## ARGUMENT

### A. THE GOVERNMENT'S FAILURE TO TIMELY PROVIDE DISCOVERY OF MR. TIMMINS' STATEMENT IS IN VIOLATION OF THE RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND THE COURT'S THIRD AMENDED ORDER FOR CRIMINAL PRETRIAL PREPARATION.

The disclosure of Mr. Timmins' statements to the defense inculpating Mr. Huffaker is no minor issue. This witness directly implicates Mr. Huffaker in conduct which can be viewed by the trier of fact as criminal in nature and part of an organized conspiracy.

The government cannot claim that Mr. Williams is a witness, who just suddenly came forward with new information. They have known about Mr. Williams for quite some time and had in fact interviewed him on a couple of occasions, the last time in October of 2023.

The fact the government put his name on their abbreviated witness list disclosed to the defense on April 1, 2025 prior to his interview on May 16, 2025 should not be lost on the Court. A logical and reasonable inference is that the government knew as early as April 1, 2025 if not sooner that Mr. Williams was in possession of inculpatory evidence against Mr. Huffaker yet they purposefully waited until May 16, 2025 to interview him and waited another two weeks to disclose that interview to the defense.

In fact, I believe the government knew about Mr. Timmins as far back as 2024, when it first submitted the Pretrial Conference Statement to the Court.

The government has blatantly violated both Rule 16 of the Federal Rules of Criminal Procedure and this Court's Third Amended Order for Criminal Pretrial Preparation. The Court specifically ordered that any additional discovery shall be made by motion accompanied by affidavits setting forth the unusual circumstances justifying discovery beyond the limits of Rule 16. The defense is unaware if the government filed any such motion.

In addition, I understand that this is not the first time the government has "dumped" additional discovery upon the defense on the eve of trial.

The government's action in this instance should not be tolerated or rewarded. To allow the government to call Mr. Timmins as a witness to testify about his alleged interaction with Mr. Huffaker on December 4, 2017 would make a mockery of Rule 16 and this Court's Order.

Accordingly, the defendant submits this motion in limine to preclude the government from calling Mr. Timmins on the grounds of discovery violation.

DATED: June 10, 2025                By: /s/ Richard Ceballos

                                    Richard Ceballos
                                    *Attorney for Defendant Joseph Huffaker*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **4333 Park Terrace Drive, Suite 200, Westlake Village, California 91361**.

On June 10, 2025 I served the foregoing documents described as **DEFENSE MOTION IN LIMINE NO. 2: MOTION TO PRECLUDE GOV'T FROM CALLING WITNESS WILLIAM TIMMINS: FAILURE TO TIMELY PROVIDE DISCOVERY IN VIOLATION OF RULE 16 AND COURT ORDER** on all interested parties in this action addressed as follows:

Abraham Harry Fine
United States Attorney's Office
1301 Clay St, Ste 340S,
Oakland, CA 94612-5224
Telephone: (415) 426-7200
Email: abraham.fine@usdoj.gov
Attorneys for Plaintiff, UNITED STATES OF AMERICA

_\_\_  **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, CA. in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**X**  BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Ferrone Law Group's electronic mail system from asavostyanov@ferronelawgroup.com to the email address(es) above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

\_\_  BY FEDERAL EXPRESS/OVERNIGHT MAIL:

**X**  STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED:  June 10, 2025, at Westlake Village, California.

*Alexey Savostyanov*

_____
Alexey Savostyanov