CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
BENJAMIN K. KLEINMAN (NYBN 5358189)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Abraham.Fine@udsoj.gov
    Benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-CR-00374-MMC-2 |
| Plaintiff, | **UNITED STATES' TRIAL MEMORANDUM** |
| v. | Pretrial Conference Date: June 24, 2025<br>Time: 10:00 a.m. |
| JOSEPH HUFFAKER, | |
| Defendant. | |

Pursuant to this Court's Order for Criminal Pretrial Preparation, filed March 31, 2025, the United States respectfully submits the following Trial Memorandum, addressing the legal bases for the charges and the anticipated evidence, and addressing any evidentiary, procedural or other anticipated legal issues.

//
//
//
//
//
//

I. **CHARGES AGAINST THE DEFENDANT AND ANTICIPATED EVIDENCE TO BE PERSENTED AT TRIAL**

    A.    **Charges Against the Defendant in The Superseding Indictment**

        1.  <u>Counts One and Three of The Superseding Indictment - Conspiracy to Commit Extortion Under Color of Official Right and Extortion Under Color of Official Right</u>[1]

The defendant, Joseph Huffaker, is charged in Count One of the Superseding Indictment with conspiracy to commit extortion under color of official right, in violation of 18 U.S.C. § 1951. Dkt. 108. In December 2021, Huffaker's co-conspirator, Brendan Jacy Tatum, pled guilty to the above-referenced conspiracy. The defendant is also charged with extortion under color of official right in Count Three of the Superseding Indictment, relating to events occurring on December 18, 2017. *Id.*

Regarding the offense of extortion under color of official right, the United States will show that: (1) the defendant was a public official; (2) the defendant obtained marijuana that he knew he was not entitled to receive; (3) that he knew that the marijuana was given in return for taking or withholding some official action; and (4) that interstate commerce was affected in some way. The defendant may be found guilty of extortion under color of official right even if he did not commit the acts constituting the crime but aided and abetted in its commission. With respect to the conspiracy to commit extortion under color of official right, the United States will introduce evidence to prove that beginning on or about December 5, 2017, and continuing through on or about December 18, 2017, there was an agreement between the defendant and Tatum to commit at least one crime as charged in the Superseding Indictment, that the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it, and that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. *See* Proposed Jury Instructions 21, 41, 42 and 43.

---

[1] On March 13, 2025, the Court granted the government's motion to dismiss Count Two of the operative indictment, which charged the defendant with extorting marijuana from E.F. on December 5, 2017. The government moved to dismiss this count after reviewing alibi evidence provided by defense counsel suggesting neither the defendant nor Tatum were the officers who stopped E.F. on that date. E.F. is only relevant in that an article stemming from E.F.'s allegations prompted the defendant and his partner, Brendan Jacy Tatum, to falsify records; Tatum discussed the article with the defendant and they mistakenly believed that E.F. was one of victims they had extorted in December of 2017.

2. <u>Counts Four and Five of the Superseding Indictment - Falsifying Records in a Federal Investigation</u>

Counts Four and Five charge the defendant with conspiracy to falsify records and falsifying records between at least February 13 through February 20, 2018. In December 2021, Tatum also pled guilty to falsifying records as outlined in the Superseding Indictment.

The United States will introduce evidence in relation to falsifying records in a federal investigation to show that: (1) the defendant knowingly altered, destroyed, concealed, or falsified records in a federal investigation; and (2) the defendant acted with intent to impede, obstruct, or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States, to wit, the Federal Bureau of Investigation. As above, the defendant may be found guilty of falsifying records in a federal investigation even if he did not commit the acts constituting the crime but aided and abetted in its commission. Additionally, with respect to the conspiracy to falsify records in a federal investigation, the United States will introduce evidence to prove that beginning on or about February 13, 2018, and ending on or about February 20, 2018, there was an agreement between two or more person to commit at least one crime as charged in the Superseding Indictment, that the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it, and that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. *See* Proposed Jury Instructions 21, 44, and 45.

3. <u>Counts Six and Seven of the Superseding Indictment - Impersonating a Federal Officer</u>

Based on the defendant's acts already asserted in the Complaint and Indictment, the Superseding Indictment charges the defendant with conspiracy to impersonate a federal officer and impersonating a federal officer in Counts Six and Seven.

The United States will introduce evidence in relation to impersonating a federal officer or employee to show that: (1) the defendant falsely pretended to be an officer or employee acting under the authority of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); and (2) the defendant in such pretended manner demanded or obtained marijuana. As above, the defendant may

be found guilty of impersonating a federal officer or employee even if he did not commit the acts constituting the crime but aided and abetted in its commission. Additionally, with respect to the conspiracy to impersonate a federal officer or employee, the United States will introduce evidence to prove that beginning on or about December 5, 2017, and ending on or about December 18, 2017, there was an agreement between the defendant and Tatum to impersonate a federal agent, that the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it, and that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. *See* Proposed Jury Instructions 21, 46, and 47.

### B. Evidence The Government Will Present At Trial

The following is a summary of the evidence that the United States expects to present at trial in relation to the charges in the Superseding Indictment. This is meant to be a summary and not a complete recitation of all the evidence and testimony that will be presented by the United States.

The evidence will show that in 2015 and 2016 Tatum and Huffaker were both members of the RPDPS interdiction team whose purpose was to intercept narcotics (generally marijuana) being driven through Sanoma County. The government expects Brian Masterson, the former Police Chief of the RPDPS, to testify that the RPDPS interdiction team's operations were terminated in approximately January 2017, following an announcement by the District Attorney's Office that it was not going to prosecute the marijuana seizures. The District Attorney made the announcement after voters passed California Proposition 64, which legalized marijuana under state law for use by adults 21 or older. Chief Masterson will further testify that, despite efforts from Tatum and Huffaker to re-start the interdiction team's operations throughout 2017, further interdiction efforts from RPDPS officers were never authorized.

The evidence at trial will further show that Huffaker and Tatum, as officers of the City of Rohnert Park's Department of Public Safety ("RPDPS"), conspired in December 2017 to pull over drivers suspected of possessing large amounts of marijuana, told those drivers that they were federal agents working for the ATF, seized the drivers' marijuana, and sold the marijuana through a dealer named William "Billy" Timmins. Tatum will testify that he and Huffaker extorted various drivers on

multiple days in December 2017.  As previously stated, Tatum pled guilty to this conspiracy pursuant to a cooperation agreement.

The government also expects Timmins to testify that he received marijuana from Tatum on multiple occasions in December 2017.  Timmins will also testify about a specific instance in December 2017 wherein he met Tatum and Huffaker just off the Commiski Road exit, and they gave Timmins black trash bags full of marijuana.  In return, Timmins provided Tatum with thousands of dollars in cash meant to be split between Tatum and Huffaker.  The government has obtained authority from the Department of Justice to seek court-ordered immunity for Timmins and expects to submit that application to the Court before trial.

Count Three of the Superseding Indictment charges Huffaker with extortion under color of official right relating to events occurring on December 18, 2017.  The evidence presented at trial related to that count will show that on December 18, 2017, Huffaker and Tatum pulled over victim B.L., told him that they were ATF agents, and extorted approximately 23 pounds of marijuana from him.  During this stop, two California Highway Patrol ("CHP") Officers observed the stop in progress, offered assistance to Tatum and Huffaker, and one officer later identified Huffaker from a photo lineup.

After this stop, B.L. submitted a complaint to the Mendocino County Sheriff's Office about the traffic stop and requested the return of his marijuana.  The next day, a representative of the Mendocino County Sheriff's Office called Tatum to ask if he had conducted the B.L. stop.  Tatum confirmed that he had made the stop and then checked in 30 pounds of marijuana as found property to the Rohnert Park evidence room.

Counts Four and Five charge Huffaker with conspiracy to falsify records in a federal investigation in violation of 18 U.S.C. § 371, as well as falsifying records in violation of 18 U.S.C. § 1519.  Those counts charge Huffaker with knowingly falsifying records in February 2018 with the intent to impede, obstruct, and influence the investigation and proper administration of an investigation into the lawfulness of a RPDPS patrol stop and seizure in December of 2017, a matter that Huffaker knew and contemplated was within the jurisdiction of the FBI.  Specifically, the evidence at trial will show that two months after their December 2017 extortions, after extortions by local police had been reported

in the media and heat was starting to come down on Huffaker and Tatum, Huffaker and Tatum wrote a false police report and false press release regarding the December 18, 2017, extortion.

To summarize, on February 11, 2018, approximately two months after Huffaker and Tatum's extortions, an article reported on the allegations of an individual whose initials are E.F., stating that he had been robbed of three pounds of marijuana by two unidentified officers without uniforms and that E.F. believed it may have been the Hopland Tribal Police or the Mendocino County Sheriff's Office.

Two days after that article was published, Tatum received a call from a Mendocino County Sheriff's Officer complaining about the online article. Tatum then discussed the article with Huffaker and they mistakenly believed that E.F. was one of victims they had extorted in December of 2017. To cover their tracks, Tatum and Huffaker wrote a police report stating that they had conducted a legitimate traffic stop of E.F. on December 5, 2017. While the police report used E.F.'s name and the December 5, 2017, date, the body of the police report actually described Tatum and Huffaker's December 18, 2017, stop of B.L., including the make and model of the car and the amount of marijuana involved. That false police report is the basis of the obstruction charges set forth in Counts Four and Five of the operative indictment. Tatum will testify that he and Huffaker panicked after publication of the article, confused the December 18, 2017, stop of B.L. with the December 5, 2017, stop of E.F., and then issued a false police report that included some details from the December 18, 2017, stop of B.L. Several months later, Huffaker and Tatum realized that they were not involved in the December 5, 2017, stop of E.F. and had mistakenly confused that stop with the December 18, 2017, stop of B.L. Tatum then submitted those false documents to the FBI in February 2018. Tatum pled guilty to falsifying records based on the above-described facts.

Counts Six and Seven charge Huffaker with conspiracy to impersonate a federal officer and impersonating a federal officer. Specifically, the evidence presented at trial will show that part of Huffaker and Tatum's conspiracy was to tell their victims they were federal agents to scare them because most local marijuana growers were not concerned about state-level enforcement. As to the substantive count, Huffaker and Tatum impersonated federal agents by telling victim B.L. that they were agents of the ATF during the December 18, 2017, stop.

In addition to the anticipated testimony outlined above, the government expects to introduce various items on the government's exhibit list, including call/text records, photographs, emails with attachments, RPDPS records (such as timesheets), and financial records.

## II. EVIDENTIARY, PROCEDURAL, OR OTHER ANTICIPATED LEGAL ISSUES

### A. Evidentiary Issues

The United States and the defense have stipulated to the authenticity of certain business records, including call logs, financial records for the defendant, and business records produced by the City of Rohnert Park.

To the extent controverted evidentiary issues arise during trial, the parties may seek to present short briefs to aid the Court's resolution of such issues. If any further issues arise at the pretrial conference or before the trial, the parties may request an opportunity to submit additional briefing on those issues.

### B. Procedural Issues

The United States is not currently aware of any procedural issues in this case.

### C. Other Anticipated Legal Issues

Other than the outstanding motions *in limine*, which will be addressed at the upcoming pretrial conference, the United States does not have any other anticipated legal issues at this time.

DATED: June 16, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
BENJAMIN K. KLEINMAN
Assistant United States Attorneys