RICHARD CEBALLOS (SBN 143782)
rceballos@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Ste. 200
Westlake Village, CA. 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorney for Defendant*
*Joseph Huffaker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOSEPH HUFFAKER,<br><br>  Defendant. | Case No: 3:21-CR-00374-MMC<br><br>**DEFENSE RESPONSE TO GOV'T MOTION IN LIMINE NO. 10 TO EXCLUDE TESTIMONY OF WITNESS E.F RELATED TO COUNTS 4 AND 5** |

Defense files this Response to the Government's Motion to Exclude Evidence Related to Counts 4 and 5 on the grounds that the testimony of E.F. is clearly relevant and the exclusion of his testimony will lead to confusion for the jury.

### INTRODUCTION

### E.F. was the Government's Star Witness

For nearly seven (7) years, complaining witness/victim E.F. was the government's star witness. He was the individual who back in 2017 initiated the investigation into these drug interdiction traffic stops. He maintained a very close relationship with the government, namely FBI Special Agent William Roberts. E.F. and SA Roberts exchanged hundreds of emails, texts, and phone calls between the two of them over the years, often calling each other by their first names and continuing even after SA Roberts was transferred to another state. Over these years,

E.F. offered to locate and interview other witnesses for the FBI and provided the FBI with several leads and pieces of evidence. It seemed like the perfect marriage until something happened in March of 2025, and the government decided to break off its relationship with E.F.

But before their breakup, E.F. told the FBI in 2017 that it was Steve Hobbs of the Hopland Tribal Police Department who was involved in his traffic stop on December 5, 2017, and that Steve Hobbs was the individual who "stole" his marijuana. He also told the FBI he believed Officer Hobbs was assisted by another Hopland Tribal Police officer, whose name he did not know at the time. Sometime later, E.F. told the FBI he was wrong and thought the other officer working with Steve Hobbs was a deputy sheriff by the name of Bruce Smith from the Mendocino County Sheriff's Department. And later in 2018, E.F. changed his mind a third time and that is when he identified defendant Huffaker in a photo lineup as one of the officers involved in his traffic stop. The government somehow forgot about this photo identification of the defendant, when it claimed in its moving papers to the court, "*as far as the government is aware, E.F. has never directly spoken or interacted with Huffaker…*" (US Motion in Limine No.10, page 5, lines 19-20). In any event, based largely upon this photo identification, the government indicted Mr. Huffaker on charges of extorting E.F (Count 2 of the Superseding Indictment).

In addition to the extortion count, the government charged Mr. Huffaker with Conspiracy to Falsify a Document in a Federal Investigation (count 4) and Falsifying a Document in a Federal Investigation (count 5). The "document" in question is the police report detailing the traffic stop of E.F. on December 5, 2017.

**ARGUMENT**
**A. CONTRARY TO THE GOVERNMENT'S ASSERTION, NOT CALLING E.F. AS A WITNESS TO TESTIFY AS TO COUNTS 4 AND 5 WILL CLEARLY CONFUSE THE JURY**

The government claims that witness E.F. will not provide any relevant evidence and allowing him to testify will simply confuse the jury. Frankly, nothing could be further from the truth.

Until the government dismissed the extortion count against Mr. Huffaker this past March, witness E.F. was going to testify that it was defendant Huffaker who was one of two police officers who stopped and extorted him of his marijuana.

The government asserts that it dismissed Count 2, the extortion count, against Mr. Huffaker because of alibi evidence presented by defense counsel back in 2023. This is nonsense. The government quickly dismissed the alibi defense Mr. Huffaker's then-attorney presented them back in 2023. So why did it take the government another two (2) years to reverse course and now accept his alibi defense?

Truth to be told neither the Court nor Mr. Huffaker's counsel really know the reason behind why the government suddenly dismissed count 2 involving E.F.

Notwithstanding the government's silence, however, counts 4 and 5 still remain and those counts involved the alleged falsified police report which details the traffic stop and seizure of marijuana from witness E.F. In order to establish exactly what is false about the police report, witness E.F. needs to testify about the facts underlying the traffic stop and eventual seizure of his marijuana. To argue otherwise defies common sense.

.

### B. THE REAL REASON BEHIND THE GOVERNMENT'S OPPOSITION TO WITNESS E.F. TESTIFYING IS HIS STATUS AS A PAID FBI INFORMANT

The real reason behind the government's opposition to witness E.F. testifying is his status as a "*paid FBI informant*." Despite Rule 16, this Court's Order, and my informal request for discovery, the government never identified witness E.F. as a government informant. It was not until a private investigator employed by Mr. Huffaker's counsel travelled to Texas to serve witness E.F. with his subpoena to testify that he learned from E.F. himself that he was indeed a "*paid FBI informant*."

Why the government failed to disclose this fact to the court and counsel is currently not known. What is known is that witness E.F. who initiated this entire investigation and prosecution of Mr. Huffaker and to a lesser extent, of Mr. Tatum, was actually a "*paid FBI informant*." This fact should have been disclosed long ago. Dismissing the count where he was listed as a victim or complaining witness does not obviate the need for disclosure.

MOTION FOR RECONSIDERATION TO GOVERNMENT'S MOTION IN LIMINE NO. 10
Case No. 3:21-CR-00374-MMC

## CONCLUSION

Mr. Huffaker is entitled to a fair trial, and he is entitled to be treated fairly and ethically by the government who is prosecuting him. When the government fails to abide by the laws, rules, and court orders designed to ensure a defendant receives a fair trial, then justice suffers. To grant the government's motion to exclude witness E.F. from testifying is to reward the government for its failures and misdeeds.

DATED: June 16, 2025          By: /s/ Richard Ceballos

                                            Richard Ceballos
                                            *Attorney for Defendant Joseph Huffaker*