RICHARD CEBALLOS (SBN 143782)
rceballos@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Ste. 200
Westlake Village, CA. 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorney for Defendant*
*Joseph Huffaker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH HUFFAKER,<br><br>Defendant. | Case No: 3:21-CR-00374-MMC<br><br>**DEFENDANT JOSEPH HUFFAKER'S RESPONSE TO THE GOV.'T'S MOTION IN LIMINE NO. 11 RE: DEFENDANT'S STATEMENTS MADE TO INTERNAL AFFAIRS INVESTIGATORS AS DISTINGUISHED FROM STATEMENTS MADE DURING HIS PROFFER WITH THE GOVERNMENT** |

Defendant, Joseph Huffaker ("Defendant"), hereby files this Response to the government's Motion In Limine No. 11 with respect to Defendant's statements made to internal affairs investigators as distinguished from the statements he made during his proffer with the government.

Defendant Huffaker was interviewed by an Internal Affairs investigator on March 22, 2018 and again on June 6, 2018. Both of these interviews were compelled.

Defendant was interviewed by the government on February 1, 2022 and again on February 21, 2022. These interviews were conducted pursuant to a standard proffer agreement which included a provision wherein Mr. Huffaker waived his *Garrity* rights. The first proffer with the government was audio-recorded. The second proffer, for reasons unknown or known only to the government, was not recorded.

**ARGUMENT**

**A. THE DEFENDANT DOES NOT DISPUTE THE GOVERNMENT MAY ADMIT ANY STATEMENTS THE DEFENDANT MADE DURING HIS INTERNAL AFFAIRS INTERVIEWS ON MARCH 22, 2018, AND JUNE 6, 2018 EITHER FOR PURPOSE OF IMPEACHMENT, REBUTTAL, OR CASE IN CHIEF.**

In its motion in limine, the government states if the defendant presents any argument or testimony that is inconsistent with any statements he made during his internal affairs interviews back in 2018 that it should be permitted to offer evidence of these IA statements for the purpose of: impeaching the defendant with those statements; presenting evidence of those statements in rebuttal; or presenting evidence of those statements in its case in chief. The defendant does not dispute this.

**B. HOWEVER, THE GOVERNMENT MAY NOT ADMIT ANY STATEMENTS THE DEFENDANT PURPORTEDLY MADE DURING HIS PROFFERS, SPECIFICALLY ON FEBRUARY 1, 2022 AND AGAIN ON FEBRUARY 21, 2022, IN THEIR CASE IN CHIEF UNLESS THE DEFENDANT ELECTS TO TESTIFY.**

Pursuant to the proffer agreement with the government, any statements made during the Proffer interviews may not be offered into evidence by the government in its case in chief unless the defendant elects to testify or presents an alibi defense (which he will not do so).

**CONCLUSION**

In accordance with the proffer agreement, the government may NOT admit any statements the Defendant purportedly made during any of the proffers with the government in their case-in-chief, for impeachment, or in rebuttal, unless and only if the defendant decides to testify. The government may, however, admit any statements made during the internal affairs interviews in accordance with the proffer agreement.

| | |
|---|---|
| 1  DATED: June 16, 2025 | By: */s/ Richard Ceballos* |
| 2 | Richard Ceballos |
| 3 | *Attorney for Defendant Joseph Huffaker* |

MOTION FOR RECONSIDERATION TO GOVERNMENT'S MOTION IN LIMINE NO. 11
Case No. 3:21-CR-00374-MMC