RICHARD CEBALLOS (SBN 143782)
rceballos@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Ste. 200
Westlake Village, CA. 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorney for Defendant*
*Joseph Huffaker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH HUFFAKER,<br><br>Defendant. | Case No: 3:21-CR-00374-MMC<br><br>MOTION [OPPOSED] TO CONTINUE SENTENCING: POINTS AND AUTHORITIES; DECLARATION OF RICHARD CEBALLOS, JOSEPH HUFFAKER; CHRISTOPHER CANNON [FILED UNDER SEAL], AND [PROPOSED] ORDER |

On July 11, 2025, Defendant Joseph Huffaker was found guilty by a jury of all the counts of the Superseding Indictment. At the conclusion of his trial, sentencing was scheduled for October 15, 2025. It later was continued to December 3, 2025, at the bequest of the defense in order to accommodate the collection of numerous letters of support for Mr. Huffaker as well as the completion of the probation sentencing report. On November 26, 2025, this Court granted Mr. Huffaker a second continuance after hearing in camera to January 21, 2026 in order for Mr. Huffaker to seek another attorney to represent him post-conviction. Mr. Huffaker made a good faith effort to seek out and obtain counsel and, in fact, did retain attorney Christopher Cannon to represent him. However, through no fault of his own, this past week Mr. Cannon advised Mr. Huffaker that he is now unable to represent him for reasons contained in Mr. Cannon's

1 MOTION [OPPOSED] TO CONTINUE SENTENCING, [PROPOSED] ORDER
                                                        Case No. 3:21-CR-00374-MMC

declaration (filed under seal). Once advised of Mr. Cannon's inability to represent him, Mr. Huffaker reached out to another attorney and was likewise advised by him that he would not be able to represent him. Consequently, Mr. Huffaker is now back to square one looking for another attorney to represent him at his sentencing. Accordingly, Mr. Huffaker is requesting this Court to grant him another continuance to a date convenient to court and new counsel. The Assistant United States Attorney Abraham Fine has been advised and has indicated he will be opposing this motion.

## POINTS AND AUTHORITIES

### I.
### A TRIAL COURT ERRS WHEN IT DEPRIVES A CRIMINAL DEFENDANT OF HIS CHOICE OF COUNSEL

In *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557 (2006), the Supreme Court held that a trial court's deprivation of a criminal defendant's choice of counsel entitled him to a reversal of his conviction.

In this case, the respondent hired attorney Low to represent him on a federal drug charge. The District Court denied the attorney's application for admission *pro hac vice* on the ground that he had violated a professional conduct rule. The Court with one exception then prevented attorney Low from meeting with and consulting with the respondent throughout the trial. The respondent was found guilty. The Eight Circuit reversed holding the District Court erred in interpreting the disciplinary rule and therefore the court's refusal to admit Low violated respondent's Sixth Amendment right to paid counsel of his choosing and the violation was not subject to a harmless-error review.

Mr. Huffaker has previously expressed a desire to hire a new attorney to represent him. He has made a good faith effort to hire a new attorney, interviewing several attorneys before he finally retained attorney Christopher Cannon to represent him. Subsequently, however, Mr.

Cannon advised Mr. Huffaker that he would be unable to represent him for reasons that have nothing to do with Mr. Huffaker (see Christopher Cannon's Declaration filed under seal).

While the government is expected to object to the continuance, arguing that this case has already been continued twice, they really cannot fault the defendant for the overall length of the delay. In fact, a significant portion of the delay was caused by the government's dumping of an additional 20,000 pages of discovery on counsel on the eve of trial in 2023, necessitating a long continuance. Had the government not produced the late discovery this case would have likely been concluded long ago.

As the Supreme Court in *Gonzalez-Lopez* noted, the Right to Counsel of Choice commands not that a trial be fair, but that a particular guarantee of fairness be provided-to wit that the accused be defended by the counsel he believes to be best. Mr. Huffaker is simply asking that his right to counsel of choice be guaranteed, because he believes another counsel will represent him in his best interest. To deprive him of this right where there is no real prejudice to the government would violate his Sixth Amendment Right to Counsel.

Dated: January 12, 2026        By: *Richard Ceballos*
                               Richard Ceballos
                               *Attorney for Joseph Huffaker*

3  MOTION [OPPOSED] TO CONTINUE SENTENCING, [PROPOSED] ORDER
                                              Case No. 3:21-CR-00374-MMC

# [PROPOSED] ORDER

Based upon the facts set forth in the Defendant's Motion for Continuance, the Declaration of Christopher Cannon (filed under seal), Joseph Huffaker, and Richard Ceballos, and for good cause shown, the Court hereby orders that Defendant Joseph Huffaker's sentencing be continued to _____ at 2:15 pm.

IT IS SO ORDERED.

DATED:_____          _____
                                  HONORABLE MAXINE M. CHESNEY
                                  United States District Judge

# DECLARATION OF RICHARD CEBALLOS

I, Richard Ceballos, declare the following:

1. I am the attorney for the defendant Joseph Huffaker.

2. Based upon the Declarations of Attorney Christopher Cannon and Joseph Huffaker, on behalf of Mr. Huffaker I am requesting a continuance of his sentencing currently set for January 21, 2026 to April 29, 2026 or any other date convenient to court and new counsel. The reason for the continuance is that Mr. Huffaker's recently retained attorney, Christopher Cannon, is now unable to represent him through no fault of Mr. Huffaker. I personally spoke with Mr. Cannon and confirmed his unavailability and the reasons behind it. Therefore, Mr. Huffaker needs additional time to seek out and hire another lawyer to represent him.

3. If the court elects to hold a hearing on this motion on Wednesday, January 14, 2026, I am obligated to inform the Court that I have a previously scheduled court appearance in Orange County Superior Court on the same day and thereby request I be allowed to appear remotely. I will also instruct my client to be appear to appear as well.

4. The Assistant United States Attorney, Abraham Fine, has been advised of this motion and has indicated he is opposed to the continuance.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 12, 2026           By: *Richard Ceballos*
                                  Richard Ceballos
                                  *Attorney for Defendant Joseph Huffaker*

## DECLARATION OF JOSEPH HUFFAKER

I, Joseph Huffaker, declare the following:

1. I am the defendant in the above-entitled matter.

2. Immediately after this Court granted me a continuance on November 26, 2025, to find other counsel to represent me, I contacted the insurance carrier, Legal Defense Fund (LDF) about obtaining new counsel from their approved list of attorneys.

3. The following week after the hearing, I went to work and contacted several attorneys, including attorneys Christopher Cannon, John Phillipsborn, Leah Spero, Mark Goldrosen, and Robert Beles.

4. On December 4, 2025, I spoke with Christopher Cannon and after speaking with him decided to retain him to take over my case for Mr. Ceballos.

5. Mr. Cannon was all set to represent me until he received some news on December 30, 2025, that caused him to advise me that he would no longer be able to represent me. (See Mr. Cannon's Declaration filed under seal).

6. After being advised by Chris Cannon that he would no longer be able to substitute in on my case, I contacted attorney Robert Beles to see if I could retain him. However, I was informed by his office that he would be unable to take my case due to his pre-existing schedule. I then contacted attorney John T. Philipsborn. I had previously spoken to him in early December, when he advised me he would not be able to take on my case. However, when I spoke to him again he advised me he might be able to take on my case, but he would need to look at it further before making a commitment.

1

DECLARATION OF JOSEPH HUFFAKER

7. I understand I have had several attorneys representing me throughout these proceedings, but the changeover in attorneys has not been my fault or the result of anything I have done. The first three attorneys who represented me all came from the same law firm Castillo-Harper, which had a contract with my insurance carrier. Unfortunately, all three attorneys eventually left that firm. Attorney Joshua Visco, who was my last attorney with Castillo-Harper firm, left the firm to start his own practice. He represented me for a short time until my insurance carrier determined he was doing a substandard job and decided to hire another attorney to represent me. This new attorney was Christopher Shea. He represented me and was all ready and set to try the case in October 2023. However, on the eve of trial, the government elected to serve us with additional 20,000 pages of discovery, necessitating another long continuance. Shortly after this, Christopher Shea suffered a heart attack and passed away. My insurance carrier then retained attorney Will Edelman. Mr. Edelman, however, resigned from my case shortly thereafter for personal reasons. After Mr. Edelman, my insurance carrier retained Richard Ceballos from the Ferrone Law Group to represent me.

8. I want the court to know that I am not doing anything to unnecessarily delay these proceedings. Unfortunately, I just have a streak of bad luck when it comes to the attorneys that have been assigned to represent me by the Legal Defense Fund (LDF). While I am anxious to have this matter concluded, I want to ensure that I am represented by an attorney that I feel comfortable with.

9. For these reasons, I respectfully request another continuance so that I can find and hire a lawyer that is both able and willing to represent me in these post-conviction proceedings.

10. I understand the government will likely object to my request for continuance because they have apparently promised my co-defendant Jacy Tatum that he will only be sentenced after I am sentenced, and his sentencing has already been put off for several years now. However, I feel that it is unfair for the government to grant Mr. Tatum such a long continuance while objecting to my request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 12, 2026          By: _____
                                 Joseph Huffaker
                                 Defendant

3

DECLARATION OF JOSEPH HUFFAKER

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **4333 Park Terrace Drive, Suite 200, Westlake Village, California 91361.**

On January 12, 2026 I served the foregoing documents described as **MOTION [OPPOSED] TO CONTINUE SENTENCING: DECLARATION OF RICHARD CEBALLOS, JOSEPH HUFFAKER; CHRISTOPHER CANNON [UNDER SEAL] AND [PROPOSED] ORDER** on all interested parties in this action addressed as follows:

Abraham Harry fine
United Sates Attorney's Office
1301 Clay St. Ste 340S
Oakland, CA 94612-5224
Telephone: (415) 426-7200
Email: Abraham.fine@usdoj.gov

Attorneys for Defendant JOSEPH HUFFAKER

__ **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, CA. in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

X **BY ELECTRONIC SERVICE:** By electronically mailing a true and correct copy through Ferrone Law Group's electronic mail system from asavostyanov@ferronelawgroup.com to the email address(es) above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

__ BY FEDERAL EXPRESS/OVERNIGHT MAIL:

X **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED: January 12, 2026, at Westlake Village, California.

*DEANNA BERMEA*

Deanna Bermea