CRAIG MISSAKIAN (CABN 125202)
United States Attorney

MARTHA A. BOERSCH (CABN 126529)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
BENJAMIN K. KLEINMAN (NYBN 5358189)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Abraham.fine@usdoj.gov
    Benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH HUFFAKER,<br><br>    Defendant. | CASE NO. 21-CR-0374-MMC<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S THIRD MOTION FOR A CONTINUANCE OF HIS SENTENCING** |

The government opposes Defendant Joseph Huffaker's motion to continue his sentencing for a third time so that he can retain new counsel in this case. We are now more than six months post trial and this case involves real victims who are entitled to justice and finality. At this point, less than two weeks before sentencing, Probation's Presentence Report has been finalized and all that remains is for the parties to submit their sentencing memoranda and proceed to sentencing. In addition, Defendant is currently represented by competent counsel who represented him at trial and can represent him at sentencing. Accordingly, the government respectfully requests that the Court deny Defendant's third motion for a continuance and proceed as scheduled on January 21, 2026.

Under the Federal Rule of Criminal Procedure 32(b)(1), the district court must impose a sentence on a federal offender "without unnecessary delay." Fed. R. Crim. P. 32(b)(1). District courts have wide discretion to deny requests for continuances for defendants to obtain new counsel when the defendant's plans to hire new counsel are uncertain and/or the purpose of such request is for delay. *See United States v. Sinclair*, 770 F.3d 1148, 1156 (7th Cir. 2014) ("In short, the denial of the continuance motion did not violate Sinclair's Sixth Amendment right to retain counsel of his choice. The decision was neither unreasoned nor arbitrary. To the contrary, the judge appropriately weighed the uncertainties of Sinclair's plan to hire private counsel against the costs of a last-minute adjournment to the government, the witnesses, and the fair and efficient administration of justice.").

Here, the Court should deny Defendant's motion for another continuance. The government's opposition to Defendant's previous motion for a continuance described how Defendant has already cycled through six sets of lawyers, which has already led to substantial delay in the case. *See* Dkt. No. 366. Defendant's current attorneys from the Ferrone Law Group represented him leading up to and during the July 2025 trial. They have also represented him during the post-trial phase, including the presentence interview, submitting tens of letters to the Court, seeking a continuance of the initial sentencing dates, and working through the Presentence Report process, which Probation finalized on November 18, 2025. *See* Dkt. No. 364. To the extent Defendant wanted to replace his lawyers after the trial, he should have done so promptly after trial ended. Now, Defendant has filed the instant motion again on the eve of sentencing seeking to further delay his ultimate sentencing and incarceration. Allowing Defendant even more time to seek new representation presents a substantial risk that

1  Defendant's sentencing will not take place for several more months, further delaying justice in this case.

2  Moreover, there are real victims here who are entitled to justice and finality.  B.L. testified about the shock he felt when two visibly armed police officers in tactical vests surrounded him and threatened to take him to station if he didn't give in to their extortion.  And co-defendant Tatum testified that he and Defendant extorted multiple others during their conspiracy.  But when police officers engage in extortion and fraud it doesn't just affect the direct victims.  It also erodes society's confidence in government and our shared institutions.  Reaching finality with a prompt disposition of this matter will further the interests of the public, including with respect to victims.  *See* Fed. R. Crim. P. 50 advisory committee's note ("It has long been said that it is the certain and prompt imposition of a criminal sanction rather than its severity that has a significant deterring effect upon potential criminal conduct.").

Finally, a continuance of Defendant's sentence may also result in a continuance of co-defendant Brendon Jacy Tatum's sentencing, which is currently set for February 18, 2026.  Tatum pled guilty in December of 2021, agreed to cooperate with the government, and his sentencing has been continued several times as a result.  The government believes Tatum's cooperation is best evaluated after Defendant has been sentenced and thus a continuation of Defendant's sentencing may also lead to delay in Tatum's case.

For the foregoing reasons, the government respectfully request that the Court deny Defendant's third motion for a continuance and proceed with Defendant's sentencing on January 21, 2026.

DATED: January 13, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/_____
ABRAHAM FINE
BENJAMIN KLEINMAN
Assistant United States Attorneys