KAREN L. LANDAU, CSB # 128728
Law Office of Karen L. Landau
1966 Tice Valley Blvd., # 189
Walnut Creek, CA 94595-2203
(510) 501-2781
karenlandau@karenlandau.com
Attorney for Defendant Joseph Huffaker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH HUFFAKER,<br><br>Defendant. | Case No.: 3:21-cr-00374-MMC<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**<br><br>DATE: May 6, 2026<br>TIME: 2:15 p.m.<br>Courtroom: Hon. Maxine M. Chesney |

In his sentencing memorandum, Mr. Huffaker cited to pending guideline amendments, under which the Commission had proposed altering the zones in the sentencing table. After the memorandum was filed, on April 16, 2026, the Commission issued its proposed amendments, which will take effect November 1, 2026, unless Congress disapproves.

The Commission did not adopt the proposed amendment to the Sentencing Table which broadened Sentencing Zones A, B, and C. Instead, the Commission adopted an amended introductory commentary recognizing that each of the available sentencing options: imprisonment, probation, and fines, all serve a punitive function. *See https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202604_prelim-RF.pdf at 94*.

Def's Supp. Sen. Mem.
21-cr-00374-MMC                              1

The amended Introductory Commentary provides:

> By statute, sentencing courts must consider and balance a broad range of factors when determining the appropriate sentence to impose in each individual case. Among these factors, courts are required to consider "all available sentencing options." 18 U.S.C. § 3553(a)(3). Each of the available sentencing options—imprisonment, probation, and fines—serves a punitive function, and the sentencing court must determine the option, or combination of options, that best achieve a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a).

> Congress charged the Commission with promulgating guidelines for sentencing courts to use in determining "*whether* to impose a sentence to probation, a fine, or a term of imprisonment" (see 28 U.S.C. § 994(a)(1)(A)) (emphasis added).

The amended commentary recognizes that a non-custodial sentence serves a punitive purpose and can provide adequate punishment. *See Esteras v. United States,* 606 U.S. 185, 196 (2025).

As previously explained in his sentencing memorandum, Mr. Huffaker respectfully requests a probationary sentence with conditions.

Dated: April 23, 2026                      Respectfully submitted,

                                           */s/ Karen L. Landau*_____
                                           KAREN L. LANDAU