CRAIG MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
BENJAMIN K. KLEINMAN (NYBN 5358189)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Abraham.fine@usdoj.gov
    Benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 21-CR-0374-MMC |
|     Plaintiff, | ) **UNITED STATES' SUPPLEMENTAL** |
| | ) **SENTENCING MEMORANDUM** |
|   v. | ) |
| | ) Date:     May 6, 2026 |
| JOSEPH HUFFAKER, | ) Time:     2:15 p.m. |
| | ) Court:   Honorable Maxine M. Chesney |
|     Defendant. | ) |
| | ) |
| | ) |

UNITED STATES' SENTENCING MEMORANDUM    1
21-CR-0374-MMC

Defendant Joseph Huffaker and co-conspirator Brendon Jacy Tatum are scheduled to be sentenced together on May 6, 2026. Concurrent with the filing of this supplemental memorandum as to Huffaker, the government has submitted a memorandum recommending that Tatum be sentenced to 46 months in custody. As described therein, the government's recommendation for Tatum is a significant downward variance from the applicable Guidelines range of 87-108 months, based principally on Tatum's substantial assistance and cooperation in the case against Huffaker.

The government previously filed a sentencing memorandum recommending that Huffaker receive a low-end Guidelines sentence of 63 months in custody. *See* Dkt. No. 376. The government stands by its position that the provisions set forth in 18 U.S.C. §§ 3553(a)(1) – (a)(5) do not provide a basis to vary downwards from the Guidelines range as calculated for Huffaker. However, § 3553(a)(6) describes the interest in avoiding unwarranted sentencing disparities. Given Tatum's significantly more flagrant conduct as compared to Huffaker, the government respectfully submits that Huffaker receiving more time than Tatum may result in an unwarranted sentencing disparity given their relative levels of culpability. To be clear, the government does not believe that Huffaker's conduct is any less severe, or his lack of contrition any less egregious, than it did when it filed its initial sentencing memorandum in January. However, considering Tatum's role in the offense as compared to Huffaker—specifically that Tatum was Huffaker's sergeant and supervisor, Tatum had the connection to William Timmins, Tatum handled the illicitly-obtained money, and Tatum led the obstruction of justice—the government's position is that Tatum should receive a larger sentence than Huffaker even when considering the substantial assistance Tatum provided.

Accordingly, the government recommends that Huffaker receive less time in custody than Tatum, and thus that the Court sentence Huffaker to a term of 40 months in custody.

DATED: April 29, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/*
ABRAHAM FINE
BENJAMIN KLEINMAN
Assistant United States Attorneys

UNITED STATES' SENTENCING MEMORANDUM   2
21-CR-0374-MMC